# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-85-206-D |
| | ) | |
| BRIAN PATRICK SPENSER PERCEVAL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant/Petitioner, appearing *pro se*, has filed a Petition for a Writ of Coram Nobis [Doc. No. 81]. The government responded, Defendant/Petitioner filed a reply, and the matter is now at issue.

Background:

Following a 1985 jury trial, Defendant/Petitioner was convicted of possessing contraband in a prison in violation of 28 U. S. C. § 1791(a)(2). More specifically, he was found guilty of possessing a homemade knife while an inmate at FCI El Reno. He was sentenced to one year in prison, to be served consecutive to the sentence he was serving at the time. *See* October 29, 1985 Order of Judgment and Commitment [Doc. No. 25]. Defendant/Petitioner appealed, contending in pertinent part that the government was required to prove that he specifically intended to use the object he possessed as a weapon. Rejecting that argument, the Tenth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Perceval*, 803 F.2d 601(10th Cir. 1986). The Circuit held that the statute does not require proof that a defendant specifically intended to use the object as a weapon; instead, it requires proof that he knowingly possessed an object that could be used as a weapon. *Id.* at 602.

Defendant/Petitioner later filed a motion pursuant to 28 U. S. C. § 2255 in which he again

argued that the government was required to prove he had the specific intent to use the object as a weapon. Noting that the Circuit had already rejected that contention, the Court denied § 2255 relief.

Defendant/Petitioner then filed a Fed. R. Civ. P. 59(e) motion to alter or amend the order denying his § 2255 motion, arguing that §1791 had been amended, and he could not have been convicted under the amended statute. This Court again denied relief, and its decisions denying the § 2255 and Rule 59(e) motions were affirmed on appeal on July 31, 1989 [Doc. No. 76].

Defendant/Petitioner served his consecutive sentences, and states he was released at an unidentified time. He states that, in 2012, he was arrested and charged in Colorado with felony crimes he identifies as second degree assault and injury to a victim. He states that he ultimately pled guilty to a misdemeanor crime of attempted assault. He then learned that the prosecutor intends to pursue sentence enhancements based on prior convictions, including the 1985 conviction he now seeks to set aside, and those enhancements could resulted in an extended term of imprisonment.

Defendant/Petitioner's request for coram nobis relief:

Defendant/Petitioner seeks to set aside his 1985 conviction and sentence through coram nobis relief, again arguing that § 1791 was amended after the Tenth Circuit affirmed his conviction and sentence and that he could not have been convicted under the amended statute. For the following reasons, the Court finds that he is not entitled to coram nobis relief.

"The writ of coram nobis was available at common law to correct errors of fact. It was allowed without limitation of time for facts that affect the validity and regularity of the judgment, and was used in both civil and criminal cases." *United States v. Morgan*, 346 U.S. 502, 507 (1954). A writ of coram nobis is used "to attack judgments that were infirm when issued, for reasons discovered later." *United States v. Thody*, 460 F. App'x 776, 778 (10th Cir. 2012) (unpublished)

(citing *United States v. Torres*, 282 F.3d 1241, 1245 n. 6 (10th Cir. 2002)). Use of the writ in civil cases was abolished by Rule 60(e) of the Federal Rules of Civil Procedure, but it remains available in criminal cases.[1] *Morgan,* 346 U.S. at 507. However, it is an "extraordinary remedy," and is appropriate "only under circumstances compelling such action to achieve justice." *Id.* at 511. "'Because the writ continues litigation after final judgment and exhaustion of other remedies, relief should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.'" *Martinez-Arellano v. United States*, 345 F. App'x 379, 381 (10th Cir. 2009) (unpublished) (quoting *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989)).

To obtain a writ of coram nobis, a petitioner must: 1) "demonstrate due diligence" in bringing the claim; 2) show that "other remedies are unavailable or inadequate;" and 3) establish that "the underlying trial error was fundamental, meaning the error resulted in a complete miscarriage of justice." *Thody*, 460 F. App'x at 778 (citing *Morgan*, 346 U.S. at 511-12 and *Embrey v. United States*, 240 F. App'x 791, 793-94 (10th Cir. 2007) (unpublished)). Additionally, "coram nobis relief is not available to litigate issues already litigated; it is reserved for claims which have yet to receive their first disposition." *Klein,* 880 F.2d at 254, n.1; *see also Martinez-Arellano*, 345 F. App'x at 381.

In this case, Defendant/Petitioner has not demonstrated due diligence in bringing this claim. It has been approximately 28 years since his conviction and sentence, and he offers no persuasive argument to explain the delay in seeking this relief, arguing only that he recently learned the 1985 conviction could be used to significantly enhance a sentence he is facing under Colorado law.

---

[1] A federal district court's authority to issue a writ of coram nobis is derived from 28 U.S.C. § 1651, which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U. S. C. § 1651(a).

However, the record reflects that he has been aware of the amendment to § 1791 since shortly after his conviction was affirmed on appeal. In fact, he now asserts essentially the same argument that he made on appeal in 1985 and in subsequent post-conviction motions shortly thereafter. Courts considering the coram nobis due diligence requirement have found due diligence absent where the petitioner delayed seeking relief for far shorter time periods. *Thody*, 460 F. App'x at 778-79 (coram nobis request filed 15 years after the Supreme Court decision on which the petitioner relied did not demonstrate due diligence); *United States v. Ballard*, 317 F. App'x 719, 722 (10th Cir. 2008) (unpublished) (petitioner did not demonstrate due diligence by seeking coram nobis relief five years after he became aware of his potential claim); *United States v. Gaddis*, 200 F. App'x 817, 818 (10th Cir. 2006) (two-year delay did not demonstrate due diligence).

Defendant/Petitioner has also failed to show that other remedies are inadequate. In fact, he sought relief via appeal and, later, by filing both § 2255 and Rule 60(e) motions, and all were rejected on the merits. That relief was denied does not render those remedies inadequate. As noted above, "coram nobis relief is not available to litigate issues already litigated; it is reserved for claims which have yet to receive their first disposition." *Klein,* 880 F.2d at 254, n.1; *Martinez-Arellano*, 345 F. App'x at 381.

Nor can Defendant/Petitioner establish that the claimed error on which he relies resulted in a miscarriage of justice. This contention was also previously addressed and rejected by the Tenth Circuit. Defendant/Petitioner never denied possessing the object on which his conviction is based, but has argued instead that there was no proof that he intended to use it as a weapon. As the Tenth Circuit noted, he "admitted to possessing and making an object that resembled a knife which, of course, may be used as a weapon." *Perceval*, 803 F.2d at 602. The Circuit held that, at the time of

4

his conviction and sentence, the government was not required to prove he actually intended to use the object as a weapon. *Id.* at 602-03.

That the statute underlying his conviction was amended shortly after his conviction does not support Defendant/Petitioner's requested relief. As the government points out, there is nothing in the language of the amendment to § 1791 or the legislative history to support a contention that the amendment applies retroactively. Absent an expression of contrary Congressional intent, a conviction under a statute that is subsequently repealed remains in effect. " The repeal of any statute shall not have the effect to release or extinguish any penalty...incurred under such statute, unless the repealing Act shall so expressly provide," and the statute "shall be treated as still remaining in force for purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability." 1 U.S.C. §109. Thus, even if the statute under which Defendant/Petitioner was charged and convicted had been repealed, that does not impact the propriety of the conviction where the alteration in the statute was not retroactive.

In an alternative argument, Defendant/Petitioner contends that his exposure to enhanced penalties based on a conviction for a non-violent offense "is not compatible with the interests of justice and serves no useful purpose" where the statute underlying his conviction was amended. Petition at pp.4-5. This argument is directed at the prospective sentencing in Colorado and the Colorado prosecutor's apparent intent to use the 1985 conviction as one of the predicate offenses necessary to support habitual offender status under Colorado law.

Defendant/Petitioner offers no authority to support his contention that coram nobis relief is the proper legal means to challenge application of the Colorado statute under these circumstances. This contention does not challenge the factual basis for his 1985 conviction, as required to support

5

coram nobis relief. Instead, this argument challenges the propriety of using the 1985 conviction as a predicate offense under Colorado's habitual offender statute. The Court finds this contention insufficient to support coram nobis relief.

Conclusion:

For the foregoing reasons, Defendant/Petitioner's request for coram nobis relief [Doc. No. 81] from his 1985 conviction and sentence is DENIED.

IT IS SO ORDERED this 30th day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE